

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 4, 1974

The Honorable Homer A. Foerster
Executive Director
Board of Control
P. O. Box 13047
Capitol Station
Austin, Texas 78711

Opinion No. H- 319

Re: In view of Article
16, § 21, Constitution
of Texas, may the Board
of Control contract dir-
ectly with a House of the
Legislature to perform
services or furnish
goods?

Dear Mr. Foerster:

You have asked us to comment upon the application of Article 16, § 21 of the Constitution of Texas to interagency contracts between the Legislature and the Board of Control. Specifically, you have asked whether the Board, as the performing agency, may enter into inter-agency contracts under Article 4413(32), Vernon's Texas Civil Statutes, The Interagency Cooperation Act, with either the House of Representatives or the Senate to furnish labor and materials for one or more of the follow-ing services:

(1) For furnishings such as construction of custom-made furniture and other furnishings for legislative and staff offices;

(2) For the mounting and framing of documents, resolutions and pictures for legislative offices;

(3) For the remodeling and renovating of space occupied as office space by legislative members and administrative staff;

(4) For the installation of additional electrical service, air condition-ing, sound barriers, capital outlay equipment, etc., as may be required by the Legislature to carry out its legislative functions.

You have called to our attention the fact that House Bill 139 of the 63rd Legislature, the Appropriations Act for fiscal 1974 and 1975, specifically appropriates to the Board of Control funds "For construction, repairs, renovations and improvements to the Capitol and other State buildings, grounds, and properties in Austin for which the Board of Control is responsible including equipment, materials and labor and contract services. . . ." (Item 14, p. III-43)

At the same time the appropriations to the Senate and to the House of Representatives authorize expenditures for "capital outlay, building repair and remodeling." Article 16, § 21 of the Constitution provides:

> All stationery, and printing, except proclamations and such printing as may be done at the Deaf and Dumb Asylum, paper, and fuel used in the Legislative and other departments of the government, except the Judicial Department, shall be furnished, and the printing and binding of the laws, journals, and department reports, and all other printing and binding and the repairing and furnishing the halls and rooms used for the meetings of the Legislature and its committees, shall be performed under contract, to be given to the lowest responsible bidder, below such maximum price, and under such regulations, as shall be prescribed by law. No member or officer of any department of the government shall be in any way interested in such contracts; and all such contracts shall be subject to the approval of the Governor, Secretary of State and Comptroller.   (emphasis added)

Article 4413(32) generally provides in its §3 that state agencies may contract with each other "for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment." That section, however, concludes with the provision:

> Provided, however, no agency shall supply any
> services, supplies, or materials to another agency

which are required by Section 21 of Article 16 of
the Constitution of Texas to be supplied under con-
tract given to the lowest responsible bidder.

We are of the opinion, therefore, that your question must be answered
that, insofar as the specific services about which you inquire are within the
scope of § 21 of Article 16 of the Constitution, they may not be performed by
the Board of Control under a contract with either House of the Legislature
under Article 4413(32), V. T. C. S.  However, since the constitutional pro-
vision refers to "furnishing the halls and rooms used for the meetings of
the Legislature and its committees" it would seem to us that, to the extent
that the repairing, remodeling and furnishing called for in paragraphs (1)
through (4) of your letter relate to legislative and staff offices not used for
meetings of the Legislature and its committees, such may be furnished under
the Interagency Cooperation Act.

It is our further opinion that, insofar as the work to be performed in-
volves "the repairing and furnishing the halls and rooms used for the meet-
ings of the Legislature and its committees" that work must be performed
under a contract to be given to the lowest responsible bidder.

However, from the description of the work given to us in the request,
we would be of the opinion that it could be carried out by the Board of Con-
trol under its own responsibilities without doing violence to Article 16, § 21
of the Constitution.

## SUMMARY

While the Board of Control may not contract with
either House of the Legislature under Article 4413(32),
V. T. C. S., for the repairing or furnishing of rooms
used for meetings by the Legislature and its committees,
it may provide labor and materials for furnishing, remod-
eling, and repairing office space for legislative members
and staff not used for meetings of the Legislature or
committees of the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee